## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| JONATHAN MICHAEL ROSALIE, Petitioner | CIVIL DOCKET NO. 5:20-CV-1299-P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DARREL VANNOY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF. Nos. 1, 5) filed by *pro se* Petitioner Jonathan Michael Rosalie (#479574) ("Rosalie").  Rosalie is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Rosalie challenges his conviction and sentence in the First Judicial District Court, Caddo Parish.

Because Rosalie's § 2254 Petition (ECF Nos. 1, 5) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

## I.    Background

Rosalie was charged with two counts of first-degree murder.  ECF  No. 1-3 at 6.  On August 20, 2010, Rosalie pleaded guilty to two counts of second-degree murder. ECF  No. 1-3 at 4.  Rosalie was sentenced to life imprisonment at hard labor, without benefits. *See id.*

On January 2, 2019, Rosalie filed a "Motion to Declare La. Code Crim. Proc. Arts. 383, 435, and 444(B) Unconstitutional."  *See id.*  According to the trial court,

Rosalie did not "challenge the aforementioned articles of the Louisiana Code of Criminal Procedure, but rather, asserts the following claims: (1) that the minutes do not reflect that the indictment was properly returned in open court, and (2) that the record does not state that at least nine grand jurors agreed on the indictment." ECF No. 1-3 at 4. The trial court denied the motion.

Rosalie sought supervisory writs in the Louisiana Second Circuit Court of Appeal. ECF No. 1-3 at 13. The appellate court construed Rosalie's motion as an untimely application for post-conviction relief and denied review. ECF No. 1-3 at 42. Rosalie sought rehearing, which was not considered. ECF No. 1-3 at 35. Rosalie sought review in the Louisiana Supreme Court, which also construed the motion in the trial court as an untimely application for post-conviction relief and denied writs. *State v. Rosalie*, 2019-01617 (La. 7/24/20); 299 So.3d 63.

## II.  Law and Analysis

### A.  Rosalie's Petition (ECF No. 1) is controlled by Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by the Court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).

B.    **Rosalie's Petition is untimely, and he is not entitled to statutory or equitable tolling.**

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court.  The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ."  28 U.S.C. § 2244(d)(1)(A).  Federal courts may raise the one-year limitations period *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period.  *See Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999).  However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period.  *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

Rosalie complains that the Second Circuit and Louisiana Supreme Court misconstrued his motion as an untimely post-conviction application.  However, his current § 2254 Petition is untimely either way.  Rosalie's conviction and sentence became final on September 20. 2020, when his time for seeking review in the appellate court expired.  Rosalie had one year from that date within which to file his § 2254 Petition.  Whether or not the motion is an application for post-conviction relief,

it was filed well after the expiration of the one-year limitations period under the AEDPA.

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, there is no justification for doing so for Rosalie's Petition. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). To be entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)). Because it is a discretionary doctrine, however, a court's determination of whether equitable tolling applies "turns on the facts and circumstances of a particular case." *Id.* (citing *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). For the same reason, "equitable tolling does not lend itself to bright-line rules." *Id.* Nonetheless, certain sources of delay in filing do not create "extraordinary circumstances" warranting equitable tolling. *Id.* For example, "delays of the petitioner's own making do not qualify" for equitable tolling. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

4

Rosalie claims that his indictment and grand jury proceedings were defective. He does not allege that he was actively misled by the State about the cause of action or prevented in an extraordinary way from timely and properly asserting his rights.

## III.    Conclusion

Because the § 2254 Petition is untimely, IT IS RECOMMENDED that Rosalie's § 2254 Petition (ECF Nos. 1, 5) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Friday, November 20, 2020.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE