UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JONATHAN MICHAEL ROSALIE, Petitioner | CIVIL DOCKET NO. 5:20-CV-1299-P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DARREL VANNOY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

**ORDER**

Now before the Court is the Report and Recommendation of the Magistrate Judge [Record Document 8], which recommends for this Court to dismiss Petitioner Jonathan Rosalie's habeas petition as untimely. For the reasons discussed below, the Court **ADOPTS** the Report and Recommendation with only one minor modification.

Previously, Petitioner pleaded guilty to two counts of second-degree murder on August 20, 2010, and he was sentenced the same day to life imprisonment at hard labor without parole. Record Document 1-3, p. 4. On January 2, 2019, Petitioner filed a "Motion to Declare La. Code Crim. Proc. Arts. 383, 435, and 444(B) Unconstitutional." *Id.* However, in his motion, Petitioner did not challenge the above-mentioned articles, but instead, asserted that his indictment was not properly returned in open court and that the record did not state that at least nine grand jurors agreed upon the indictment. *Id.* The trial court denied his motion. Petitioner sought supervisory writs with the Louisiana Second Circuit Court of Appeal. *Id.* at 13. The Louisiana Second Circuit construed his motion as an untimely application for post-conviction relief and denied writs. *Id.* at 35. Likewise, the Louisiana Supreme Court construed his motion as an untimely application for post-conviction relief and denied writs. *State v. Rosalie*, 2019-01617 (La. 7/24/20); 299 So. 3d 63.

1

The Magistrate Judge correctly determined that Petitioner's habeas petition was untimely because he filed it well over a year after the state court judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). However, the Magistrate Judge stated that "Rosalie's conviction and sentence became final on September 20[,] 2020, when his time for seeking review in the appellate court expired." Record Document 8, p. 3. This is merely a typographical error, as the Magistrate Judge meant that Petitioner's conviction and sentence became final on September 20, 2010, when his time for seeking appellate review expired. *See* La. Code Crim. Proc. art. 914. As such, the Court clarifies that the sentence should read as follows: "Rosalie's conviction and sentence became final on September 20, 2010, when his time for seeking review in the appellate court expired." The Court **ADOPTS** this Report and Recommendation with that modification.

For the reasons stated in the Report and Recommendation of the Magistrate Judge as modified above, and after a *de novo* review of the record, including the objection filed by Petitioner, having determined that the findings and recommendation are correct under the applicable law;

**IT IS ORDERED** that the Petition [Record Document 5] is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. A judgment consistent with this order will be issued herewith.

**THUS DONE AND SIGNED** this __22nd__ day of June, 2021.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE